1JONES, Judge.
Defendant/Appellant, Liberty Mutual Insurance Company, appeals the judgment of the city court in favor of Plaintiffs/Ap-pellees, Jack and Rose Rich, awarding them $8,591.24. Following a review of the record, we affirm the judgment of the city court.

FACTS AND PROCEDURAL HISTORY

Plaintiffs/Appellees, Jack Rich husband of'and Rose Rich (hereinafter “the Riches”) owned a 1996 Cadillac Sedan Seville that was flood damaged on September 11, 1998. Mr. Rich had the vehicle towed to Sewell Cadillac Chevrolet and notified Sewell, the mortgage holder on the vehicle and Liberty Mutual Insurance Company (hereinafter “Liberty Mutual”), the Riches’ auto insurer, of the damage the next day. Mr. Rich complained of mold and mildew odors and explained that he had a particular sensitivity to such odors. Consequently, he requested that the seats in the vehicle be replaced. Liberty Mutual obtained two estimates for damages, namely, the cost for cleaning the seats ($1,554), and the cost for replacing the seats ($10,829). Liberty Mutual also informed Mr. Rich that it was policy for them to attempt to clean and/or repair damages before they would replace the seats. They assured Mr. Rich that if he was not satisfied with the Condition of the vehicle after the seats were cleaned that he could reject the car and the seats would be replaced. Based on this information, Mr. Rich authorized the cleaning of the seats reserving the right to have them replaced if he was not completely satisfied.
On October 17, 1998, Mr. Rich was able to pick up his vehicle because repairs were deemed complete. Mr. Rich could still smell the mold and mildew and became ill as a result. Subsequently, he was prevented from being able to use his vehicle. The Riches had to rent a car in order to remedy their transportation problem. Thereafter, they sold their car for $14,500 on December 11, 1998.
The Riches filed suit on May 4, 1999 seeking damages for the replacement value of the car in pre-flood condition, for all rental expenses, for towing expenses, and for damages caused by Liberty Mutual’s failure to perform their obligations, including but not limited to damages for non-pecuniary loss and for delay. Damages claimed were for the difference between the sale price of $14,500, and the retail Blue Book value of $23,000. The case was *1203 heard on December 13, 1999 and a judgment was rendered on March 8, 2000 awarding the Riches the sum of the difference between the repair and replacement of the seats, rental and towing costs totaling $9,105.42. On April 28, 2000, the original judgment was amended to reflect a credit for $514.18 for rental costs previously paid by Liberty Mutual bringing the total to $8,591.24. Liberty Mutual appeals both judgments.

AWARD CALCULATION

The first issue raised is whether the city court properly awarded damages on behalf of the Riches in the amount of $8,591.24 when it calculated and awarded these damages based on the sum of the difference between the repair and replacement of the seats as opposed to what the Riches specifically prayed for |swhich was the sum of the difference between the sale of the car and it’s blue book retail value.
Liberty Mutual argues that the city court erred by calculating and awarding damages not demanded by the Riches. Also, Liberty Mutual argues that one of the estimates used in the calculation included many items to be repaired on the vehicle that were not related to this litigation. Liberty Mutual also argues that the city court should have evaluated the evidence to determine whether there was in fact a diminished value of the vehicle as of the date of sale.
In response, the Riches allege that in their original petition they requested damages caused by the insurer’s failure to perform their respective obligations, including but not limited to damages for non-peeuniary loss and for delay, and that the prayer sought an amount reasonable in the premises, as well as, all general and equitable relief. The Riches further contend that it was not necessary for them to specifically request the relief granted. Additionally, they argue that the city court did carefully consider the estimates in calculating the award, and has the discretion to make such an award.
We find that the damage award granted by the city court falls within its discretion. Although not expressly requested by the Riches, a general statement for damages was made. La. C.C.P. art. 862 states that “... a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.” Also, the city court judge may have viewed the seats as the focal point of the litigation, therefore, choosing to center its decision for damages on the seats and not the entire vehicle. Further, absent manifest error an award for damages should not be disturbed on appeal. See Gaston v. G & D Marine Services, Inc., 93-0182, p. 10 (La.App. 4 Cir.1/19/94) 631 So.2d 547, 554.
We do not find manifest error in the manner in which the city court calculated the damage award. The city court was able to view the details of the estimates to make a determination on whether to use the estimates. Further, the city court took Liberty Mutual’s concerns as to the damage amount into consideration, considering that in the city court’s judgment in response to the Motion for New Trial submitted by Liberty Mutual, Liberty Mutual was given credit for funds they previously disbursed to the Riches. Therefore, we find this issue has no merit.

DIMINISHED VALUE OF THE VEHICLE

The second issue presented for review is whether the city court erred in finding that the Riches proved damages for the diminished value of their vehicle.
*1204 The Liberty Mutual contends that the Riches failed to prove any depreciation or diminished value in their vehicle due to the odor, which was sufficient to justify the Riches having sold their car wholesale for $14,500 as opposed to the retail book value of $23,000.
The Riches state that they proved the vehicle depreciated in value because all the witnesses testified to having smelled an odor, whether or not they characterized it as offensive, and a flood-damaged vehicle does not have the same retail book value as a vehicle that has not sustained such damage.
A court of appeal may not set aside a trial court’s or jury’s finding of fact in absences of “manifest error” or unless it is “clearly wrong”. Stobart v. State, through the Department of Transportation and Development, 617 So.2d 880, 882 (La.1993) citing Rosell v. ESCO, 549 So.2d 840 (La.1989). The diminished value Rof the vehicle is a matter of fact. The city court found the Appellees’ evidence and testimony credible and sufficient to find that the value of the car diminished as a result of a residual odor from flood damage. Therefore, deference shall be given to the fact-finder.

RENTAL EXPENSES

Lastly, we consider whether the city court erred in awarding car rental expenses in the amount of $1,178.68 that was in excess of the $900 policy limit. Liberty Mutual argues that the calculation for rental expenses should have been based on a $900 policy limit minus a credit of $514.18 leaving a balance of $385.82.
The Riches argue that the city court carefully considered the damage award and even gave liberty Mutual credit for funds previously disbursed. They contend that the city court acted properly in evaluating rental expenses based on the total amount of rental expenses of $1,178.68 minus the $514.18 credit equaling an award of $664.50 in rental expenses. They also contend that even if the city court was in error in calculating damages for the rental expenses, that the city court is not manifestly erroneous such that the damage award should be disturbed. We agree.
As stated above, Gaston establishes that we may not disturb an award for damages absent manifest error. We do not find that the methodology used by the city court to calculate rental expenses based on the total amount of rental expenses incurred by the Riches to be manifestly erroneous.

DECREE

For the foregoing reasons, we hereby affirm the judgment of the city court.
AFFIRMED.